FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

CLARENCE LANE,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER KADIA
SAUNDERS, Shield No. 16002, and POLICE OFFICER
HEMADEH FATTAH, Shield No. 23748,

                          Defendants.

---------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

10 CV 5805 (ARR)(MDG)

      **WHEREAS,** plaintiff Clarence Lane commenced this action on or about December 14, 2010, by filing a complaint alleging, *inter alia*, violations of his state law rights and civil rights pursuant to 42 USC § 1983; and

      **WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

      2. The City of New York hereby agrees to pay plaintiff Clarence Lane the sum of Eighteen Thousand Five Hundred Dollars ($18,500.00) in full satisfaction of all claims,

whether arising under federal or state law, including claims for costs, expenses and attorney's fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the City of New York, Kadia Saunders, and Hemadeh Fattah, and to release all defendants and all present and former employees or agents of the City of New York, or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses and attorney's fees.

       3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

       4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof including the New York City Police Department.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City of New York reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         June 10, 2011

| | |
|---|---|
| JACOBS & HAZAN, LLP<br>Attorneys for Plaintiff<br>22 Cortlandt Street, 16th Floor<br>New York, New York 10007 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendant City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 788-1580 |
| By: _____<br>Stuart Jacobs, Esq. | By: _____<br>Qiana Smith-Williams<br>Assistant Corporation Counsel |

SO ORDERED:

            /s/(ARR)
_____
ALLYNE R. ROSS, U.S.D.J.